UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GMN INVESTMENTS LLC. DBA STEREO GIANT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. ________________ |
| V. | § | |
| | § | |
| UTICA LLOYD'S OF TEXAS | § | |
| | § | |
| *Defendant.* | | |

**DEFENDANT UTICA LLOYD'S OF TEXAS'S NOTICE OF REMOVAL**

Defendant Utica Lloyd's of Texas ("Utica") files this Notice of Removal and respectfully shows the following:

## I.
## BACKGROUND

1. On March 4, 2022, Plaintiff GMN Investments LLC. DBA Stereo Giant ("Plaintiff") filed suit against Utica in Harris County, Texas.[1] *See* Exh. B-1 at 3.

2. Plaintiff served Utica by certified mail with a copy of the Plaintiff's Original Petition on April 1, 2022. *See* Exh. B-2 at 2.

3. Utica timely answered the lawsuit on April 25, 2022. *See* Exh. B-3 at 1.

4. Utica file this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

[1] As addressed below, on information and belief, Plaintiff's correct legal name is "GMN Investment, LLC". Additionally, Plaintiff incorrectly listed "Utica Lloyd's of Texas" as "Utica Lloyds of Texas" in its Petition.

5. As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit A is an Index of Matters Being Filed. A copy of the Docket Sheet – Case Information Sheet is attached as Exhibit B. All of the filings from state court are attached as Exhibits B-1 through B-3. Designation of Counsel is attached as Exhibit C. A copy of this Notice is also being filed with the state court and served upon Plaintiff.

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending.

## II.
## BASIS FOR REMOVAL

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A. The Parties Are Of Diverse Citizenship

8. On information and belief, Plaintiff's correct legal name is "GMN Investment, LLC". "[T]he citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Upon information and belief, Ghulam Habib, Mustafa Hussain, and Syed Rizvi, who are all citizens of Texas, are Plaintiff's sole members.[2] Accordingly, Plaintiff is a Texas citizen for diversity purposes.

9. Both at the time the lawsuit was originally filed, and at the time of removal, Utica Lloyd's of Texas is a Texas Lloyds company. "[A] Texas Lloyd's plan is an unincorporated association, and its citizenship is defined by the citizenship of its members." *N. Dallas Lawn Care & Landscape Inc. v. Hartford Lloyds Ins. Co.*, No. 4:16-CV-891-JRG, 2017 WL 2600376, at *2 (E.D. Tex. June 15, 2017); *accord Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d

[2] Based on documents from the Texas Secretary of State.

877, 882 (5th Cir. 1993) (looking to the citizenship of the members of a Lloyd's plan insurance association to evaluate diversity jurisdiction). The Fifth Circuit has held that the membership of a Texas Lloyd's group consists of its underwriters. *Royal Ins. Co. of Am.*, 3 F.3d at 882. Utica's underwriters are individuals. Specifically, the individual underwriters are as follows: John Anderson, Mark Angelucci, Steven Barry, Jolene Casatelli, Paul Cohen, Richard Creedon, Steven Guzski, William King, Kristen Martin, Liz Miller, Louisa Ruffine, and Bernard Turi. A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp*., 754 F.2d 553, 555-56 (5th Cir. 1985). "Evidence of a person's place of residence, however, is prima facie proof of his domicile." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Preston v. Tenet Healthsystem Memorial Medical Center, Inc*., 485 F.3d 793, 798 (2007). Mr. Anderson is and intends to continue to reside in the State of Illinois. Additionally, the remaining individual underwriters are residents and intend to continue to reside in the State of New York. Accordingly, Utica Lloyd's of Texas is a citizen of New York and Illinois for diversity purposes.

10. Because Plaintiff is a citizen of Texas and Utica is a citizen of New York and Illinois, complete diversity of citizenship exists among the parties.

**B. <u>The Amount in Controversy Exceeds $75,000.00</u>**

11. This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00. In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, No. 3:98-CV-1288-G, 1999

WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish). Plaintiff alleges causes of action for breach of contract, violation of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violation of the Texas Deceptive Trade Practices-Consumer Protection Act. *See* Exh. B-1, Pl.'s Orig. Pet. at ¶¶ 34-47. It seeks $113,309.71 for damage to the real property and $57,796.18 for contents losses, for damage to the property, as well as treble damages, compensatory damages, exemplary damages, pre- and post-judgment interest, statutory penalty interest, attorneys' fees and costs. *See id.* at ¶¶ 50-58. According to its Petition, Plaintiff seeks monetary relief above $250,000 but no more than $1,000,000. *Id.* at ¶ 59. Therefore, the total amount in controversy exceeds $75,000.

## III.
## REMOVAL IS PROCEDURALLY CORRECT

12. Plaintiff served Utica's registered agent on or about April 1, 2022. Accordingly, Utica filed this Notice of Removal within the thirty-day time period required by 28 U.S.C. Section 1446(b).

13. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court were previously filed with this Court.

15. Pursuant to 28 U.S.C. §1446(d), promptly after Utica filed this Notice of Removal, written notice was given to Plaintiff, the adverse parties.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Utica's Notice of Removal will be filed with the clerk in Harris County, Texas.

**IV.**
**CONCLUSION**

Based upon the foregoing, and other documents filed with the prior Notice of Removal, which are incorporated by reference, Defendant Utica Lloyd's of Texas hereby removes this case to this court for trial and determination.

Respectfully submitted,

*/s/ Daniel P. Buechler*
Daniel P. Buechler, *Attorney-in-Charge*
Texas Bar No. 24047756
Southern District No. 611489
dbuechler@thompsoncoe.com
Matthew J. Kolodoski
Texas Bar No. 24081963
Southern District No. 3137695
mkolodoski@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**COUNSEL FOR DEFENDANT**
**UTICA LLOYD'S OF TEXAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the April 29, 2022, a true and correct copy of the foregoing instrument was served via the Court's electronic notification system on the following counsel of record:

Chad T. Wilson
Jay Scott Simon
CHAD T. WILSON LAW FIRM PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
jsimon@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF
GMN INVESTMENTS LLC.
DBA STEREO GIANT

*/s/ Matthew J. Kolodoski*
Matthew J. Kolodoski